ERNESTINE M. SMITH *vs.* MYRA M. SMITH *et al.*

DECEMBER 9, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity brought in the superior court for the construction of the will of Joseph V. Smith, late of West Warwick, deceased, and certified to this court in accordance with general laws 1923, chapter 339, sec. 35.

The testator executed his will on August 16, 1922 and died, leaving said will, on April 3, 1933. He left surviving him his widow, Ernestine M. Smith, the complainant, and four children, Florianne M. Smith, Robert M. Smith, Rodrigue R. Smith and Myra M. Smith, the respondents. All of these children, except Myra M. Smith, were born before their father executed his will. Myra M. Smith was born almost five months later, on January 1, 1923.

The testator omitted to provide for any of these children in his will, but he did incorporate therein the following provision: "Third: I have intentionally omitted to mention, or to give, devise or bequeath anything of which I may die seized and possessed, or to which I may be in any way en-

titled at the time of my decease, to any person or persons other than my wife, Ernestine M. Smith."

The question arises whether the testator omitted his children, particularly his after-born child, Myra M. Smith, intentionally or by accident or mistake. It is now provided by general laws 1923, chapter 298, sec. 22, as amended by public laws 1931, chapter 1754, sec. 2, approved April 24, 1931, as follows: "Sec. 22. When a testator omits to provide in his will for any child of his born after the execution of his will, either during his lifetime or after his death, or for any issue of a deceased child of his dying after the execution of his will, or for any issue born after the execution of his will of a deceased child of his dying before such execution, such child or issue shall take the same share of the testator's estate as such child or issue would have been entitled to if the testator had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake: . . ."

At the time the testator executed his will sec. 22 read as follows: "When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

It has been argued by the complainant that a will speaks as of the date of the death of the testator and since the testator died on April 3, 1933, his will is to be construed as of that date, in accordance with sec. 22 as amended. Whether or not a will speaks as of the date of the testator's death for all purposes, and particularly with reference to the rights of children omitted therefrom, we need not consider here, as under sec. 22 originally, or as amended, the construction of the will in the instant case would be the same.

The complainant did not rely only on the testator's declaration in the third clause of his will to support her

contention that the omission of the children, including Myra M. Smith, was intentional and not occasioned by accident or mistake, but she also introduced evidence to prove such intention. It appeared from the evidence that she and her husband had discussed their property affairs prior to the execution of his will, and it was agreed between them that, in the event of the death of either, the survivor should succeed to all the property of the deceased to the exclusion of all other persons; that thereafter each of them executed a will making identical dispositions of their property; that each will contained an identical third clause expressly stating that the omission of persons in the will other than the single beneficiary named was intentional; that the testator here knew at the time he made his will of the probability of the birth of another child within a very short time; that the matter of the children was discussed at that time and that the testator intended to omit them.

All of this evidence comes from the complainant who was the only witness to testify. However, the respondents, Florianne M. Smith and Robert M. Smith, each filed an answer admitting the allegations in the bill of complaint and concurring in the prayer of the complainant. A guardian *ad litem* was appointed for each of the respondents, Rodrigue R. Smith and Myra M. Smith, and answers were filed on their behalf submitting their rights to the care and protection of the court. The guardian *ad litem* argued the matter before us and also filed a brief in which he submitted that, after careful consideration and investigation, he was unable to urge upon the court, on behalf of his wards, any contention adverse to that of the complainant.

We also have carefully considered the evidence and investigated the law applicable to this case and we are of the opinion that, under all the circumstances, the complainant has discharged the burden incumbent upon her of proving by a fair preponderance of the evidence that the failure of the testator to provide in his will for his daughter Myra M.

Smith, born after the execution of his will, was intentional and not occasioned by accident or mistake.

The parties may, on December 19, 1938, present for our approval a form of decree for entry in the superior court in accordance with this opinion.

*Francis V. Reynolds,* for complainant.

*Ernest A. Jenckes,* guardian *ad litem.*